1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NESS & CAMPBELL CRANE, INC.,

            Plaintiff,

    v.

BAYSIDE CRANE & RIGGING SERVICES, INC.,

            Defendant.

No. 2:18-cv-01529-BJR

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Ness & Campbell, Inc. ("Ness & Campbell") has moved for default judgment against Defendant Bayside Crane & Rigging Services, Inc. ("Bayside") pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 55(b). The Court, having reviewed Ness & Campbell's motion and supporting declarations submitted herewith, HEREBY FINDS:

    1.    This Court has subject matter jurisdiction over Ness & Campbell's claims pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

    2.    Bayside has purposefully availed itself of this Court's jurisdiction by seeking and doing business in Washington State and by maintaining a presence in Washington for an extended period of time in order to supervise, oversee, and manage Ness & Campbell's work

on its behalf. *See* RCW 4.28.185; *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990);

*Republic Inter. Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 167-68 (9th Cir. 1975).

3.    The *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) Factors

a.    Prejudice to Ness & Campbell:

Ness & Campbell would be prejudiced by a failure of this Court to enter default

judgment because it cannot otherwise remedy the harm Bayside caused to it. Default judgment

is appropriate under this *Eitel* factor.

b.    Ness & Campbell's' Complaint is Well-Pled and the Merits of its Claims
Have Been Established.

To set forth a prima facie claim for breach of contract, Ness & Campbell must have

alleged: (1) the existence of a valid contract; (2) breach of the contract; and (3) resulting

damages. *Lehrer v. State Dep't of Soc. & Health Servs.*, 101 Wn. App. 509, 516 (2000)

("Generally, a plaintiff in a contract action must prove a valid contract between the parties,

breach, and resulting damage."). Here, Ness & Campbell has pleaded all of the elements of

breach of contract and supported them with factual allegations which this Court must accept as

true. *See* Dkt. 1 ¶¶ 5-23; *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.

1987). Default judgment is appropriate under the second and third *Eitel* factors.

c.    The Sum of Money at Stake is Reasonable in Light of Bayside's
Conduct.

The damages Ness & Campbell seeks are directly proportional to and flow from

Bayside's breach of its contract with Ness & Campbell. Ness & Campbell seeks only the

amounts owed as a result of its work and agreement with Bayside, together with prejudgment

of interest representing the time value of money and additional damage caused by Bayside's

deprivation. Default judgment is appropriate under the fourth *Eitel* factor.

Ness & Campbell has presented sufficient evidence supporting its damages, including the invoices submitted to Bayside and the testimony of Nathanael Olsson, its Financial Operations Manager, who avers that Bayside has paid Ness & Campbell no more than $180,000 under the parties' agreement. Moreover, the sum pleaded and requested by Ness & Campbell is liquidated, and Washington state law supports an award of prejudgment interest to Ness & Campbell arising out of its substantive state law claim. *In re Exxon Valdez*, 484 F.3d 1098, 1100-1101 (9th Cir. 2007) (The *Erie* doctrine principles require federal courts sitting in diversity to apply state substantive law and federal procedural law. Where state law supplies the rule of decision, it is the duty of the federal courts to ascertain and apply that law. Prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism, for the purpose of determining whether a federal court sitting in diversity jurisdiction should apply state or federal law on the issue of prejudgment interest); *Rekhter v. State, Dep't of Social & Health Services*, 180 Wn.2d 102, 131 (2014) ("'Washington courts generally favor prejudgment interest based on the premise that a party that retains money it should have paid to another should be charged interest.'") (quoting *Pierce County v. State*, 144 Wn.App. 855, 855 (2008)); *Public Util. Dist. No. 2 of Pac. County v. Comcast of Wash. IV, Inc.*, 184 Wn.App. 24, 75 ("Prejudgment interest may be awarded '(1) when an amount claimed is 'liquidated' or (2) when the amount of an 'unliquidated' claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion.'") (quoting *Prier*, 74 Wn.2d at 32).

Washington law provides for the calculation of prejudgment interest at the statutory judgment interest rate set forth in RCW 4.56.110. *See Unigard Ins. Co. v. Mut. Of Enumclaw Ins. Co.*, 160 Wn.App. 912, 925 (2011). RCW 4.56.110 provides that judgment founded on

written contracts providing for the payment of interest at a specified rate shall bear interest at the rate specified in the contract. RCW 4.56.100(1). The contract between Bayside and Ness & Campbell does not specify an interest rate to be applied to delinquent contracts. It therefore does not fall under RCW 4.56.100(1). Nor does the contract in issue fall under the categories described at RCW 4.56.110(2)-(4). The contract between Ness & Campbell and Bayside thus falls under the prejudgment interest rate set forth in RCW 4.56.110(5), which provides: "(5) Except as provided under subsections (1), (2), (3), and (4) of this section, judgments shall bear interest from the date of entry at the maximum rate permitted under RCW 19.52.020 on the date of entry thereof." RCW 4.56.110(5). RCW 19.52.020(1) specifies that:

> (1) Any rate of interest shall be legal so long as the rate of interest does not exceed the higher of: (a) Twelve percent per annum; or (b) four percentage points above the equivalent coupon issue yield (as published by the Board of Governors of the Federal Reserve System) of the average bill rate for twenty-six week treasury bills as determined at the first bill market auction conducted during the calendar month immediately preceding the later of (i) the establishment of the interest rate by written agreement of the parties to the contract, or (ii) any adjustment in the interest rate in the case of a written agreement permitting an adjustment in the interest rate.

RCW 19.52.020(1). The coupon issue yield established by the Board of Governors of the Federal Reserve System of the average coupon bill rate for twenty-six week treasury bills as of the first bill market auction conducted during the calendar month preceding this judgment (December 2018) was 2.57 percent. *See* https://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=billrates. Four points over 2.57 percent is only 6.57 percent. Thus, the prejudgment interest rate applicable to Ness & Campbell's claim is 12 percent, the higher of 12 percent and 6.57 percent. Applying a 12 percent interest rate to Ness & Campbell's claim on a simple interest basis and running it through to a reasonable date of

entry of this judgment (Friday, January 25, 2019) means that Ness & Campbell is entitled to **$16,078.00** in prejudgment interest.[1]

Ness & Campbell is also entitled to post-judgment interest. Post-judgment interest is determined by federal law, even in diversity cases. *Northrop Corp. v. Triad Intern. Marketing, S.A.*, 842 F.2d 1154, 1156 (9th Cir. 1988). 28 U.S.C. § 1961 provides that post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court," and that interest shall be computed at a daily rate to the date of payment. 28 U.S.C. § 1961(a), (b). Under this statute, Ness & Campbell is entitled to post-judgment interest until it is paid by Bayside, which interest shall begin accruing upon entry of the Court's judgment.

Ness & Campbell has adequately supported its request for an award of its filing fees in the amount of $400, which it may recover under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Four hundred dollars ($400.00) in costs should therefore be awarded to Ness & Campbell.

Lastly, because Ness & Campbell's claim is for a sum certain, thus Fed. R. Civ. P. 55(b)(1) requires the clerk to enter the judgment requested by Plaintiff.

### d. There Are No Disputed Material Facts.

Ness & Campbell's complaint is well-pled and establishes the necessary facts to support its breach of contract cause of action. Because the Clerk has entered default against Bayside, all factual allegations are taken as true except those relating to damages. *See TeleVideo Sys.*, 826 F.2d at 917-18. Thus, there is no dispute concerning material facts. *See Fair Housing*, 285 F.3d at 906. This factor weighs in favor of default judgment.

---

[1] $489,032.24 multiplied by 0.12 (12 %) is $58,683.87 in annual interest. $58,683.87 divided by 365 (days per year) is $160.78, or a daily interest amount of $160.78. Ness & Campbell filed this action on October 17, 2018. There are 100 days between October 17, 2018 and January 25, 2019. $160.78 multiplied times 100 is thus $16,078.00 in prejudgment interest.

e.    There is No Basis for Excusable Neglect.

Bayside was properly served.  Dkt. 6.  Bayside is aware of this litigation and has chosen not to participate.  *Id*.  Accordingly, the Clerk entered a default against it.  Dkt. 9.  There is no evidence of excusable neglect on Bayside's part, and this factor weighs in favor of granting default judgment.

f.    The Policy Favoring Decisions on the Merits is Not Dispositive.

Bayside knowingly abandoned its defense.  Although disposition of claims on the merits is encouraged, entry of default judgment is committed to the discretion of the trial court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  As set forth above, all of the other *Eitel* factors favor default judgment.  Without a default judgment, Ness & Campbell will have no way to recover what it is owed.  An order granting default judgment against Bayside is appropriate.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.    Ness & Campbell is awarded **$489,032.24** in compensatory damages for Bayside's breach of the parties' agreement.

2.    Ness & Campbell is awarded **$16,078.00** in prejudgment interest.

3.    Ness & Campbell is awarded **$400** in the filing fee costs it incurred in bringing this action.

4.    Ness & Campbell is awarded post-judgment interest calculated from the date of entry at a rate established by RCW 4.56.110.

5.    The Court issues final judgment pursuant to Rule 54(b).

DATED this 28th day of February, 2019.

_Barbara J. Rothstein_

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax